| | | |
|---|---|---|
| JEFF HARMON and TERRY HARMON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 1:11-CV-63 SNLJ |
| | ) | |
| WESTERN HERITAGE INS. CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' Motion for Leave to Add Defendants and to File First Amended Complaint (#9), as well as plaintiff's Motion to Remand (#11), both filed May 20, 2011.

Plaintiffs Jeff Harmon and Terry Harmon own a business known as the Wash House in Puxico, Missouri. The plaintiffs obtained a fire insurance policy through insurance agents First Ozark Insurance Agency, Inc. (a Missouri citizen) and Med James, Inc. (a Kansas citizen). The policy was issued by defendant Western Heritage Insurance Company (an Arizona citizen), and provided coverage from December 15, 2009 through December 15, 2010. Plaintiffs allege that they paid the $1,539.30 premium in advance.

The Wash House was totally destroyed by fire on October 27, 2010. Plaintiffs allege that after promptly making a claim to Western Heritage Insurance Company, the company denied coverage for the fire loss on November 5, 2010.

Plaintiffs filed this action against Western Heritage only on March 23, 2011 in the Circuit Court of Stoddard County. Defendant Western Heritage removed this case to federal court, alleging diversity jurisdiction, on April 20, 2011. In the meantime, plaintiffs say that First Ozark Insurance Agency mailed to plaintiffs a partial refund of their policy premium with a handwritten

note that said "Refund from Med James, Inc." Plaintiffs therefore state that both First Ozark and Med James are indispensable parties under Federal Rule of Civil Procedure 19(a)(1)(B) because the "Court cannot grant complete relief among the existing parties without a determination of the factual issues involving the circumstances of the attempt to refund part of the premium and the legal effect of the attempt after the loss occurred and after the expiration of the policy term."[1] Plaintiffs also state that actions lie against the two insurance agents based on theories of negligence and breaches of contract and duties of care.

Because First Ozark is a citizen of Missouri, its joinder would destroy diversity jurisdiction, and thus, pursuant to 28 U.S.C. § 1447, this Court may either deny joinder or permit it and remand the case to State court. However, "joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002).

Plaintiffs ground their claims against the insurance agents in their acts of (1) refunding the premium, thereby allegedly attempting to aid Western Heritage in circumventing the statutes and regulations of Missouri requiring insurance companies to refund unearned premiums to cancel a fire insurance policy, (2) breaching their duty of care to plaintiffs by attempting to avoid coverage under the policy. Additionally, plaintiffs claim that, should the policy be found not to provide coverage, the lack of coverage will have been caused by the negligence of the insurance agents.

Defendant Western Heritage asserts that plaintiff's attempt to add the two insurance agents amounts to fraudulent joinder. To the extent plaintiffs charge the agents with wrongdoing

---

[1]It seems likely that plaintiffs intended to cite to Federal Rule of Civil Procedure 19(a)(1)(A).

by returning the premium as a too-late cancellation of the policy, that claim does not appear to be well-founded. Plaintiffs do not state what, if any, law the agents are supposedly circumventing. Presumably, the insurance contract itself speaks to the need for refund of the premium in the event of policy cancellation. *See Summers v. Travelers Ins. Co.*, 109 F.2d 845, 846-47 (8th Cir. 1940) ("No statute of Missouri has been called to our attention, and we assume there is none, which requires the tender or refund of the unearned premium with notice of cancellation as a condition precedent to the right of cancellation. The parties were therefore at liberty to contract on this subject, and as there is no ambiguity in the contract, it must be given effect as written."); *see also McGarrah v. Stockton*, 425 S.W.2d 223, 227 (Mo. Ct. App. 1968) ("Under the terms of the insurance policy in question, return of the unearned premium was not a condition precedent to cancellation but was a consequence of cancellation."). In addition, to the extent plaintiffs are alleging some sort of conspiracy, "Missouri recognizes the general rule that there is no tort of civil conspiracy," and, moreover, "under Missouri agency law generally, a principal cannot conspire with its own agents." *Wiles*, 280 F.3d at 870, 871 (holding that plaintiff's joinder of insurance agents in lawsuit against insurer for breach of insurance contract was fraudulent).

With respect to plaintiffs' claims of negligence or other breaches of duty against the insurance agents, "an insurance agent who undertakes to procure insurance for a party, with a view to earning a commission, becomes the party's agent and, in part, owes a duty to timely notify that party if he fails to procure such insurance." *J.E. Hecker v. Missouri Prop. Ins. Placement Facility*, 891 S.W.2d 813, 816 (Mo. 1995). Critically, that "agency relationship and any corresponding duty. . . is not continuing; rather, it ceases on execution and delivery of the policy to the insured." *Id.* Thus, to the extent plaintiffs seek to charge the insurance agents with

some breach of duty after the delivery of the policy (perhaps relating to partial return of the premium), it is clear no duty was then owed. Although the proposed amended complaint states that the agents "had a duty to plaintiffs as insurance agents procuring coverage for plaintiffs' property to provide continuation of coverage and not to aid any insurer in discontinuing coverage for such property," the agents' duties to plaintiffs ceased on December 15, 2009 — the effective date of the insurance contract.

Finally, plaintiffs also seek to hold the agents liable for negligence and breach of duties owed to plaintiffs in the event that the policy is found not to provide coverage. Plaintiffs' proposed amended complaint states

> In the event Defendant Western Heritage Insurance Company is found by the Court not to be liable under the policy, Plaintiffs seek judgment against Defendants First Ozark Insurance Agency, Inc. and Med James, Inc. based upon their negligence and breach of duty as insurance agents to Plaintiffs *as alleged herein*.

(Emphasis added.) As the italicized language in plaintiffs' complaint shows, however, the negligence and breaches of duty that plaintiffs assert here are the same as the negligence and breaches "alleged herein," which related to the actions of the insurance agents after the policy went into effect. Therefore, plaintiff alleges no negligence or breach of duty related to the agents' duties that existed before the policy was executed and delivered.

As a result, plaintiffs will not be permitted to amend their complaint to add First Ozark Insurance Agency, Inc. and Med James, Inc. as defendants. Further, because diversity of citizenship exists, the motion to remand will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Leave to Add Defendants and to File First Amended Complaint (#9) and plaintiff's Motion to Remand (#11), both filed May 20, 2011 are **DENIED**.

Dated this __19th__ day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE